**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**ROBERT DRAFT**                                                                                    **PLAINTIFF**
**ADC #160040**

**v.**                                            **No: 2:16-cv-00112 JLH-PSH**

**MARK WARNER,** *et al.*                                                             **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Proposed Findings and Recommendation have been sent to United States District Judge J. Leon Holmes.   You may file written objections to all or part of this Recommendation.  If you do so, those objections must:  (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

### I.  Introduction

Plaintiff Robert Draft, an inmate in the custody of the East Arkansas Regional Unit (EARU) of the Arkansas Department of Correction (ADC), filed this *pro se* civil rights complaint against EARU Warden Gaylon Lay, EARU Deputy Warden Mark Warner, ADC Director Wendy Kelley, EARU Law Library Supervisor Lynetta Dickerson, and Law Library Supervisor Stacy Roebuck. *See* Doc. No. 1.  Draft alleges that his constitutional rights were violated because the defendants confiscated and retained his legal documents which included discovery and the criminal trial

transcript from his criminal conviction in White County Circuit Court. *Id.*  According to Draft, he received a letter from his criminal defense attorney on April 21, 2016, notifying him that the Arkansas Court of Appeals had affirmed his conviction, and that Draft had a 78-day deadline to file a Rule 37 petition for ineffective assistance of counsel. The attorney advised Draft that the trial transcripts and discovery would be sent to the EARU. Draft asserts that an individual from his attorney's office arrived at the EARU on May 17, 2016, with 859 pages of documents which were seized as excess property by Dickerson, at the direction of Deputy Warden Warner. Draft claims that despite filing grievances and law library requests, he continued to be denied access to sufficient legal materials from his trial to properly assert his rights in a Rule 37 petition and hearing.  Draft sues defendants in their official and individual capacities and seeks declaratory and injunctive relief, as well as monetary damages.

Draft's claims for monetary damages against the defendants in their official capacities were previously dismissed.  *See* Doc. Nos. 47 & 48.  Defendants Lay, Kelley, and Roebuck were also awarded summary judgment on all Draft's claims based on Draft's failure to exhaust administrative remedies with respect to them.  *See* Doc. Nos. 64 & 67.  The remaining defendants are Warner and Dickerson (the "Defendants").

Before the Court are the Defendants' motion for summary judgment, supporting brief, and statement of undisputed material facts (Doc. Nos. 78-80).  Draft filed a response and affidavit.  *See* Doc. Nos. 84 & 85.  The Defendants' statement of facts, and the other pleadings and exhibits in the record, establish that the material facts are not in dispute and that Defendants are entitled to summary judgment as a matter of law.

## II. Legal Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). An assertion that a fact cannot be disputed or is genuinely disputed must be supported by materials in the record such as "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . .". FED. R. CIV. P. 56(c)(1)(A). A party may also show that a fact is disputed or undisputed by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III. Undisputed Material Facts

The undisputed facts listed below were submitted by Defendants and are supported by the following documents attached to Defendants' statement of undisputed facts:  the Declaration of Mark Warner (Doc. No. 79-1); the Declaration of Lynetta Dickerson with certain library records attached (Doc. No. 79-2); excerpts from the deposition of Draft (Doc. No. 79-3); the court docket from *State v. Robert Donald Draft,* case no. 73CR-14-206 (Doc. No. 79-4); an Order Granting Motion for Stay of Proceedings and Permission to Amend Rule 37 Petition in case no. 73CR-14-206 (Doc. No. 79-5); and Draft's Amended Petition for Post Conviction Relief in case no. 73CR-14-206 (Doc. No. 79-6).  Although Draft filed a response, he did not refute these facts or challenge the admissibility of the supporting documents except to generally assert that Defendants did not follow ADC policy.  *See* Doc. No. 84.

1.      On May 17, 2016, Draft was housed in the most restrictive housing area of the EARU.  Doc. No. 79-1 at ¶3.

2.      Defendant Deputy Warden Warner was notified that Paul Hampton had been sent by his employer, Joe Barraza, to deliver a closed case file to inmate Draft after Draft had terminated their relationship.[1]  *Id*. at ¶4.

3.      Property is strictly limited in administrative segregation. Doc. No. 79-1 at ¶3.

4.      Inmates are allowed one property box in their cell and are allowed the amount of property that will fit in their property box.  *Id*. at ¶6.

---

[1] Draft disputes that Paul Hampton chose not to delivery the legal papers in person, as maintained by Defendants.  What Hampton did or did not say is immaterial to this case.

4

5.      Inmates are allowed to keep in their cell legal materials related to an active case, and inmates are required to present proof from the courts that the materials belong to an active case.  *Id*.[2]

6.       The property delivered by Hampton contained the transcripts and evidence of a closed court case.  *Id*. at ¶3; Doc. No. 79-2 at ¶7.

7.      Because the amount of Draft's paperwork exceeded the amount allowed in his housing area, Deputy Warden Warner instructed that the paperwork be confiscated and stored for Draft at the Unit's Law Library.  Doc. No. 79-2 at ¶10-11.

8.      Draft was provided a copy of the table of contents by which he could order his documents five sections at a time.  *Id*. at ¶13.

9.      Draft refused to review his documents in sections.  *Id*.; Doc. No. 79-3 at 6.

10.      Draft had until July 6, 2016, to file his Rule 37 petition in *State of Arkansas v. Robert Draft*, Case No. 73CR-14-206.  Doc. No. 79-3 at 2.

11.      Draft filed his Rule 37 petition on time, but believes it was filed under duress.  *Id.* at 5.

12.      After Draft was released to general population on August 19, 2016, the paperwork was returned to him as a part of his property.  Doc. No. 79-2 at ¶14; Doc. No. 79-3 at 7.

13.      On September 27, 2016, the Circuit Court of White County granted Draft's motion to amend Rule 37 petition and allowed Draft until December 1, 2016, to file his amended Rule 37 petition.  Doc. No. 79-5.

---

[2] Warner's declaration does not make clear whether inmates are allowed to keep legal materials related to an active case even if it exceeds what will fit into their property box.  However, this distinction is not material to this case.

14.    On November 29, 2016, Draft filed his Amended Petition for Post-Conviction Relief.  Doc. No. 79-6.

## IV. Analysis

Defendants assert they are entitled to qualified immunity with respect to Draft's individual capacity claims.  Qualified immunity protects government officials from liability for damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person [in their positions] would have known."  *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982).  Qualified immunity is a question of law and is appropriately resolved on summary judgment.  *McClendon v. Story County Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).  To determine whether a defendant is entitled to qualified immunity, the Court must consider two questions: (1) do the facts alleged by plaintiff establish a violation of a constitutional or statutory right; and (2) if so, was that right clearly established at the time of the defendant's alleged misconduct.  *Wright v. United States*, 813 F.3d 689, 695 (8th Cir. 2015).  Courts may exercise "their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances of the particular case at hand."  *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

In *Bounds v. Smith*, the U.S. Supreme Court recognized that prisoners' constitutional right of access to the courts is well-established.  *Bounds v. Smith*, 430 U.S. 817, 821 (1977).  The taking of an inmate's legal papers can unconstitutionally interfere with the inmate's right of access to the courts.  *See Goff v. Nix*, 113 F.3d 887, 892 (8th Cir. 1997).  However, to succeed on a claim for a violation of the right of meaningful access to the courts, a prisoner must establish that he or she suffered an actual injury or prejudice caused by the denial of access to legal materials, counsel, or the courts.  *Lewis v. Casey,* 518 U.S. 343, 349 (1996).  *See also White v. Kautzky,* 494 F.3d 677 (8th Cir. 2007) ("To prove a violation of the right of meaningful access to the courts, a prisoner

must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim."). The injury requirement "is not satisfied by just any type of frustrated legal claim." *Lewis,* 518 U.S. at 354. The claim must involve an attempt by the inmate to pursue direct appeal from a conviction for which he or she is incarcerated, a habeas petition, or an action under 42 U.S.C. § 1983 to vindicate the violation of a basic constitutional right. *Id.* at 355 ("The tools [required by *Bounds*] are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.").

Draft does not dispute that he was ultimately granted an extension and allowed to file an amended Rule 37 petition after he regained full access to his legal materials. *See* Doc. No. 84. Rather, he complains that Defendants did not follow ADC policy with respect to retention of legal documents. *Id.* The failure to follow prison policy is not a constitutional violation. *See Gardner v. Howard,* 109 F.3d 427, 430 (8th Cir.1997) (no § 1983 liability for violating prison policy). Draft must show that the Defendants' retention of his legal papers interfered with his right to seek relief from his conviction. He cannot make such a showing. First, Draft was allowed access to his legal papers while housed in administrative segregation, just not all at once. He refused to review his papers in sections. Draft has not explained why he could not prepare his Rule 37 petition while reviewing his papers in sections. Second, Draft cannot show any injury as a result of his restricted access to his legal papers. The record shows that Draft was allowed to file an amended petition several months after his legal papers were returned to him. Because Draft's ability to challenge

his conviction was not hampered by the Defendants' actions, his constitutional rights were not violated, and Defendants are entitled to summary judgment as a matter of law.

### IV.   Conclusion

Because Draft fails to establish a constitutional violation, the Defendants are entitled to qualified immunity as to Draft's individual capacity claims.  The undersigned recommends that Defendants' motion for summary judgment (Doc. No. 78) be granted, and this case be dismissed with prejudice.  The Court should further certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this 15th day of March, 2018.

_____
UNITED STATES MAGISTRATE JUDGE